IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\_\_\_\_FILED   \_\_\_\_ENTERED
\_\_\_\_LODGED   \_\_\_\_RECEIVED

JAN 2 9 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| MONICA PATINO<br>214 Glenn View Terrace<br>Abingdon, MD 21009<br><br>Plaintiff<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY<br>P.O. Box 14592<br>Lexington, KY 40512<br><br>Serve:<br>Alfred Redmer, Jr.<br>Insurance Commissioner for the State of Maryland<br>200 St. Paul Place<br>Suite 2700<br>Baltimore, MD 21202<br><br>Defendant | No.: **MJG 18 CV 0263** |

## COMPLAINT

Now comes the Plaintiff, Monica Patino, by and through her attorney, Keith R. Siskind, Esquire and the Law Offices of Steinhardt, Siskind and Associates, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.

3. That this Court has jurisdiction of the subject matter as the long term disability plan

1

issued by the Defendant to the Plaintiff's employer, Morgan Stanley and Company, LLC, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Monica Patino, is an individual, a citizen of the State of Maryland, residing at 214 Glenn View Terrace, Abingdon, MD 21009.

6. That the Defendant, Metropolitan Life Insurance Company, entered into a contract of insurance with the Plaintiff's employer, Morgan Stanley and Company, LLC, to provide long term disability benefits to its employees. The Plaintiff contends that a de novo standard of review applies.

## Statement of Facts

7. That the Plaintiff was employed as a Compliance Supervisor for Morgan Stanley where she began working in September, 2007.

8. That the Plaintiff is 55 years of age. The Plaintiff ceased working as of June 8, 2012 as a consequence of comorbid medical conditions including but not limited to fibromyalgia, chronic fatigue, depression, anxiety and sleep apnea. Plaintiff has also been diagnosed with ADHD and experiences cognitive difficulties with focus and

concentration. Plaintiff has symptoms that include frequent headaches, chronic fatigue, mental fogginess and stiffness and inflammation throughout her body. From time to time Plaintiff experiences panic attacks.

9. The Plaintiff was approved for short term disability benefits and transitioned to long term disability benefits in September, 2012. Plaintiff was also approved for Social Security Disability benefits.

10. On January 26, 2017 the Defendant forwarded a letter to the Plaintiff terminating long term disability benefits as of January 27, 2017. The Defendant concluded that there was a lack of evidence to support functional impairments which preclude Plaintiff from performing her own occupation as a Compliance Supervisor. **See Exhibit 1.**

11. That by letter dated July 18, 2017 the Plaintiff, through the undersigned counsel, filed an administrative appeal. **See Exhibit 2.** The aforesaid appeal was supplemented with additional information from counsel in a letter dated September 5, 2017. **See Exhibit 3.**

12. That on November 22, 2017 the Defendant upheld its decision to deny long term disability benefits to the Plaintiff. **See Exhibit 4.** The aforesaid decision exhausted Plaintiff's administrative remedies under the plan. Consequently, this lawsuit has been filed.

13. That at issue in this case is the policy language of the plan issued by the Defendant. Pursuant to the plan the definition of disability is as follows:

> *Disabled or Disability means that, due to Sickness or as a direct result of accidental injury:*

- *You are:*
- *unable to earn more than 80% of your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and*
- *unable to perform each of the material duties of Your Own Occupation.*

14. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

15. That as of January 27, 2017 Plaintiff contends that she remained disabled and unable to perform the material duties of her own occupation as a Compliance Supervisor.

16. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

17. That the Plaintiff contends that she has submitted objective medical evidence to document a disability. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing the material duties of her own occupation as a Compliance Supervisor.

18. That the Defendant has failed to reasonably consider the evidence presented by the Plaintiff, including the Plaintiff's medical reports, Neuropsychological Evaluation and Vocational Evaluation. Consequently, Plaintiff contends that the decision to deny benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

19. That as a direct and proximate result of the aforesaid actions the Defendant is in

breach of its agreement to provide long term disability benefits under the plan.

20. That pursuant to the terms of the plan the Plaintiff is eligible to receive a monthly benefit of $ 3,700.00 which represents 60% of the Plaintiff's pre-disability earnings. The aforesaid benefit amount is offset by the Plaintiff's Social Security Disability benefit of $ 1,860.00 per month thereby reducing the long term disability benefit to $ 1,840.00 per month. Plaintiff is eligible to continue to receive long term disability benefits through the maximum duration of the plan which in the case of the Plaintiff is age 65. Plaintiff is presently due long term disability benefits from January 27, 2017 through January 27, 2018, a period of 12 months totaling $ 22,080.00. The claim continues at the rate of $ 1,840.00 per month through the maximum duration of the plan.

21. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a. That this Court conduct a de novo review and order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff under the plan, said benefits beginning January 27, 2017;

    b. Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing;

    c. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132, along with pre-judgment interest;

    d. For any and all other relief to which the Plaintiff may be entitled or the

nature of this cause of action may require.

/s/ *Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire # 04415
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
krs@steinhardtlawfirm.com
Attorney for Plaintiff